## Benton et al. v. Freedom Township Supervisors

*Robert W. Smith*, for plaintiffs; *B. F. Warfel*, for defendants.

PATTERSON, P. J., June 23, 1932.—This is a petition for a rule to show cause why an appeal nunc pro tunc should not be allowed for the reason that judgment was entered in favor of the plaintiffs on October 27, 1931, the day fixed for the return of the summons, notwithstanding defendants and their counsel were informed by the justice several days subsequent to said date that he had not yet made up his mind what judgment to enter.

The testimony of the several witnesses taken in the form of depositions by the parties shows that the defendants did call upon the magistrate several days subsequent to October 27, 1931, made inquiry as to what disposition had been made of the case and was informed by the justice of the peace that his mind was not yet made up and that no judgment had been rendered. This evidence is admitted by the justice, who says that such a conversation did take place and admits it was subsequent to the date of the judgment as it appears on his transcript.

It is well settled law that a justice of the peace cannot defer rendition of judgment without fixing at the time of the hearing a day certain for the rendering of judgment or later giving notice to the parties that on a date fixed judgment will be entered. In this case no such arrangement for the rendering of judgment appears of record and no witness denies that the parties defendant were informed by the justice himself three or four days after October 27, 1931, that no judgment had yet been decided upon. Of course, under these facts the defendants are entitled to an appeal as prayed for.

Counsel for the plaintiffs contends that, even though the magistrate erred in originally entering the judgment, the parties defendant are guilty of laches in not prosecuting their petition for an appeal with diligence; that it was the duty of the defendants and their counsel to call again upon the magistrate for further information concerning the disposition of the case, and having waited until February 10, 1932, when a writ of mandamus execution was served upon them by the Sheriff of Blair County, they were too late, and, again, having had such service, they were guilty of delay in seeking the desired relief by waiting until February 26, 1932, before presenting the present petition to this court. With this contention we cannot agree, since the petition was sworn to on February 11th, or the day following the service of the process by the sheriff, and was

356

presented to this court on the first day the court convened after that date, to wit, February 26, 1932.

Now, therefore, the rule heretofore granted is made absolute and the appeal prayed for allowed nunc pro tunc as though taken within twenty days following October 27, 1931.

From Robert W. Smith, Hollidaysburg, Pa.